**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4141**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN P. STAHMER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:17-cr-00123-RAJ-LRL-1)

Submitted: October 31, 2018                    Decided: November 14, 2018

Before GREGORY, Chief Judge, RICHARDSON and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Keith Loren Kimball, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Joseph Kosky, Assistant United States Attorney, Brendan Gavin, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Justin P. Stahmer for communicating a false distress message to the United States Coast Guard, in violation of 14 U.S.C. § 88(c) (2012), by reporting a "man overboard" (Count 1) and calling "mayday" (Count 2); and for threatening to assault a federal law enforcement officer, in violation of 14 U.S.C. § 89(a) (2012); 18 U.S.C. § 115(a)(1)(B), (c)(1) (2012) (Count 3). Stahmer pled not guilty. A jury convicted him of Counts 1 and 3 but acquitted him of Count 2. The district court sentenced Stahmer to a total of 56 months' imprisonment and ordered him to pay $56,704.05—the total expenses the Coast Guard incurred in its search-and-rescue response to Stahmer's calls—in restitution. On appeal, Stahmer challenges his convictions and the district court's restitution award. We affirm.

Stahmer first contends that the district court erred in denying his motion to suppress statements he made to the Coast Guard prior to being advised of his *Miranda*[*] rights. In reviewing a district court's denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error, construing the evidence presented in the light most favorable to the Government. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). "[L]aw enforcement [must] inform individuals who are in custody of their Fifth Amendment rights prior to interrogation." *United States v. Hashime*, 734 F.3d 278, 282 (4th Cir. 2013). "Without a *Miranda* warning, evidence obtained from the interrogation is generally inadmissible." *Id*.

---

[*] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

3

The district court properly declined to suppress Stahmer's statements. First, with the exception of the threats, Stahmer was not in custody when he made the statements in question. Stahmer admitted to a Coast Guard officer when a Coast Guard boat approached Stahmer's boat that there was no one in the water and that he had called for help because he ran out of gas. At this point, the totality of the circumstances shows that Stahmer's "freedom of action was [not] curtailed to a degree associated with formal arrest." *See id.* (brackets omitted). The officers were responding to Stahmer's distress calls and had no reason to believe that he had committed a crime, officers were not yet aboard Stahmer's boat, no evidence showed that the officers' tone was intimidating or that they displayed weapons, there was no physical contact between the officers and Stahmer, and Stahmer was not physically restrained. *See id.* at 283 (providing nonexhaustive list of factors to consider in determining whether defendant is in custody).

Stahmer was also not in custody when he later admitted to making the mayday call. Although two Coast Guard officers were aboard Stahmer's boat at this point, Stahmer had given them permission to board and conduct a standard safety inspection. The officers had not yet handcuffed Stahmer, and the only physical contact they made with Stahmer was when they helped him back on his boat. While Stahmer made the admission in the middle of a sobriety test, the questioning officer testified that he did not suspect that Stahmer had committed a crime, and no evidence indicates that the officer's questioning was threatening or unprofessional.

Further, the district court was justified in refusing to suppress Stahmer's threats to a Coast Guard officer. Although Stahmer was under arrest at that point, *Miranda* did not

4

apply because he was not subjected to interrogation. Stahmer threatened the officer on a 20- to 30-minute boat ride, during which the only statement the officer made to Stahmer was to inquire where Stahmer wanted his boat taken. Stahmer's threats were unprovoked and not in response to any questioning. Thus, the district court properly denied Stahmer's motion to suppress.

Stahmer next contests the district court's admission of evidence relating to the charge of threatening to assault a federal law enforcement officer. We review evidentiary rulings for an abuse of discretion. *United States v. Cowden*, 882 F.3d 464, 471 (4th Cir. 2018).

Stahmer first argues that the district court erred in admitting Fed. R. Evid. 404(b) evidence that, during a 2017 arrest for public intoxication, Stahmer was combative and threatened to kill a police officer and his family, which the officer construed as a legitimate threat. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). We apply a four-factor test to determine whether a district court abused its discretion in admitting Rule 404(b) evidence:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is

5

probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*Cowden*, 882 F.3d at 472.

The district court did not abuse its discretion in admitting evidence of the 2017 incident. First, the evidence was relevant, as the 2017 incident was close in time and highly similar to the incident at issue in this action. *See id.* Second, the evidence was "necessary" to demonstrate that Stahmer had the requisite intent and that the threats constituted true threats, as defense counsel argued at trial that the threats were not serious. *See* 18 U.S.C. § 115(a)(1)(B) (providing elements of offense); *United States v. Armel*, 585 F.3d 182, 185 (4th Cir. 2009) (holding that threat must constitute true threat to convict); *see also Cowden*, 882 F.3d at 473 (evidence of defendant's prior use of excessive force was necessary to prove intent "[i]n view of . . . conflicting testimony and the government's heavy proof burden. . . ."). With regard to the third factor, Stahmer concedes that the evidence was reliable. Finally, in light of the district court's limiting instruction, the probative value of the 2017 incident was not substantially outweighed by the risk of unfair prejudice. *See United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) ("[A]ny risk of unfair prejudice was effectively mitigated by the court's carefully framed limiting instructions regarding proper consideration of such evidence.").

Stahmer next asserts that the district court abused its discretion in admitting his reference to an alleged race-based hate group in threatening the Coast Guard officer. He claims that the probative value of such evidence was substantially outweighed by the risk

6

of unfair prejudice. Under Fed. R. Evid. 403, the district "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." "We apply a highly deferential standard of review to such an issue, and a [district] court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances. . . ." *United States v. Hassan*, 742 F.3d 104, 132 (4th Cir. 2014) (internal quotation marks omitted). Indeed, "relevant evidence should only be excluded under Rule 403 when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion in admitting Stahmer's reference to the group or the Coast Guard officer's belief that the group was a race-based hate group. The fact that Stahmer referenced an alleged race-based hate group in threatening the African-American officer is indicative of the seriousness of the threat and whether the threat constituted a true threat. We conclude that the admission of such evidence did not create "a genuine risk that the emotions of [the] jury [would] be excited to irrational behavior." *See id.* (internal quotation marks omitted). Thus, Stahmer fails to demonstrate extraordinary circumstances warranting reversal.

Finally, Stahmer challenges the district court's restitution award. Noting that the jury acquitted him of making a false mayday call, Stahmer contends that he should not be required to pay restitution for the total expenses the Coast Guard incurred in its response

7

because, even without the man overboard call, the Coast Guard would still have deployed resources in response to the mayday call.

We "review[] a district court's restitution order for abuse of discretion." *United States v. Stone*, 866 F.3d 219, 224 (4th Cir. 2017). The Government bears "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense" by a preponderance of the evidence. 18 U.S.C. § 3664(e) (2012). A person convicted of communicating a false distress message to the Coast Guard is "liable for all costs the Coast Guard incurs as a result of the individual's action." 14 U.S.C. § 88(c)(3); *see United States v. Serafini*, 826 F.3d 146, 151 (4th Cir. 2016).

We conclude that the district court's restitution order was proper. Prior to Stahmer's mayday call, the Coast Guard had already deployed the boats and helicopter in response to his man overboard call. Further, the record shows that, if the Coast Guard had known that Stahmer was merely out of gas, it would have contacted commercial assistance rather than deploying search-and-rescue resources. Thus, the district court's view that the Coast Guard incurred these costs as a result of Stahmer's false man overboard call "is plausible in light of the record viewed in its entirety." *See Stone*, 866 F.3d at 227 (internal quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8